IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CIV-15-326-D |
| ) | |
| ROY BLACKWELL ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 13]. Defendant timely responded [Doc. No. 20], and Plaintiff replied [Doc. No. 21]. Thus, the Motion is at issue. For the reasons stated below, the Court concludes that Plaintiff's Motion should be granted in part and denied in part.

**BACKGROUND**

Plaintiff was employed by Defendant from approximately January 6, 2014 to August 7, 2014.[1] During such time, Plaintiff was the only female employed by Defendant at her location. Plaintiff alleges she was denied training and overtime work and suffered other differential treatment due to her gender and a hostile work environment. Plaintiff further alleges she was the victim of lewd acts and conversation based upon her gender and symptoms related to her health conditions.

---

[1] Plaintiff asserts that she was hired as a "pump mechanic and vibrations specialist in training" (Comp. [Doc. No. 1] at 2), while Defendant claims Plaintiff was employed solely as an "apprentice pump mechanic" (Def. Ans. [Doc. No. 9] at 2).

Plaintiff has asserted claims of sexual harassment, a sexually hostile working environment, retaliation for complaints of harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Oklahoma's Anti-Discrimination Act ("OADA"), and discrimination and retaliation for asserting her rights under the Americans with Disabilities Act ("ADA") and OADA.

Defendant answered Plaintiff's Complaint and asserted sixteen affirmative defenses. Plaintiff challenges the following nine defenses:

> 2. All actions of [Defendant] with respect to Plaintiff were done in good faith, were based on a legitimate business reason, and were unrelated to her gender, alleged disability, or retaliation for exercising her rights under the Title VII, the ADA or OADA;
>
> 4. This Court lacks jurisdiction over any claim brought pursuant to Title VII, the [ADA] or the [OADA] that was not the subject of a timely-filed charge with the Office of Civil Rights Enforcement ("OCRE") or the Equal Employment Opportunity Commission ("EEOC"), or with respect to which the OCRE or EEOC has not concluded its investigation and conciliation efforts;
>
> 5. Plaintiff's claims are barred and must be dismissed to the extent that they are based upon conduct that falls outside of the applicable statutes of limitations;
>
> 6. Plaintiff's claims must be dismissed insofar as she unreasonably failed to take advantage of [Defendant's] procedures and policies designed to report, correct, and prevent such alleged conduct, or to otherwise avoid the alleged harm about which she now complains;

10. Without admitting that Plaintiff suffered any damages, Plaintiff's claims for alleged damages must be dismissed or limited to the extent that [Defendant] discovers after-acquired evidence of wrongdoing by Plaintiff for which she would have been terminated or otherwise disciplined;

13. Plaintiff is not entitled to recover punitive damages because each of the allegedly retaliatory employment practices, if they occurred, were contrary to [Defendant's] good faith efforts to comply with both state and federal law, and because [Defendant] did not act with malice or indifference to Plaintiff's rights;

14. The imposition of punitive damages against [Defendant] under the facts of this case would be unconstitutional and would violate the rights of [Defendant] under the United States Constitution and the Oklahoma Constitution;

15. Plaintiff's claims are barred and must be dismissed to the extent they fall outside of the applicable statutes of limitations; and

16. [Defendant] reserves its right to assert additional defenses as they become apparent through discovery or investigation.

## **DISCUSSION**

Plaintiff requests that the Court, under authority of Rule 12(f), strike these nine defenses because they are "either not recognized affirmative defenses or so factually deficient that they fail to provide notice of the basis for the defense." Pl. Mot. [Doc. No. 13] at 1. Plaintiff further contends that a determination of the application of the standards applied in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), is unnecessary here. *Id.* at 3.[2] In its Response, Defendant maintains "the challenged defenses are common defenses pleaded by defendants and allowed by courts that are sufficient to put Plaintiff on notice" and that *Twombly/Iqbal* standards do not apply. Def. Resp. [Doc. No. 20] at 1-2, 5.

Rule 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Although motions to strike are disfavored generally, the decision to grant a motion to strike is within the Court's discretion. *See Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006); *Scherer v. U.S. Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003). "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" *Sender v. Mann*, 423 F. Supp. 2d at 1163 (quoting *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)). Therefore, a court "should decline to [strike a defense] unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties." *Rubio ex. re. Z. R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

Defendant's sixteenth defense purports to "reserve[] its right to assert additional defenses as they become apparent through discovery or investigation." Def. Ans. [Doc. No. 9] at 10. However, Defendant's ability to later add defenses through amendment of a

---

[2] The Court has previously acknowledged that the Tenth Circuit has yet to address, and the "federal district courts within the Tenth Circuit have reached diverging views" on "whether the pleading standards announced in *Twombly* and *Iqbal* apply to affirmative defenses." *Duncan v. M.A.R.S., Inc.*, No. 14-CV-825-D, 2014 WL 5681185, at *2 (W.D. Okla. Nov. 4, 2014). Thus, there is no controlling authority on point. *See also Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE (W.D. Okla. filed July 30, 2009).

pleading is governed by Rule 15, not by a reservation of rights. *See* Fed. R. Civ. P. 15. Therefore, Defendant's sixteenth defense is STRICKEN. If leave to amend is requested, the Court will consider the request according to the standards applicable under Rule 15.

In its Response, Defendant withdraws its fifteenth defense. *See* Def. Resp. [Doc. No. 20] at 10, n.5. Accordingly, Defendant's fifteenth defense is STRICKEN as moot.

Defendant's other challenged defenses contain sufficient detail to indicate the relationship of the defense to the claims asserted and to avoid undue prejudice to Plaintiff. Plaintiff's Motion will therefore be denied as to Defendant's additional defenses.[3]

## **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 13] is GRANTED IN PART and DENIED IN PART. Accordingly, defenses 15 and 16 shall be STRICKEN from Defendant's Answer. Plaintiff's Motion is denied as to all other defenses.

IT IS SO ORDERED this 26th day of January, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] This Court generally agrees with Judge Heaton's reasoning in *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE (W.D. Okla. filed July 30, 2009), regarding the applicability of the *Twombly/Iqbal* standards to affirmative defenses.